# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GREGORY K. WHITT**                                                              **PETITIONER**

V.                              No. 4:25-cv-559-DPM-ERE

**JAMES SCOGGINS, Director,**
**Arkansas State Hospital**                                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this RD. Any objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this RD. If you do not file objections, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this RD without independently reviewing the record.

### I.   Summary

Gregory Whitt, currently in the custody of the Arkansas State Hospital, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. However, Mr. Whitt has neither identified extraordinary circumstances allowing

federal court interference in the ongoing state criminal proceedings nor exhausted his state court remedies.[1]

## II.   Background[2]

I take judicial notice that Mr. Whitt is currently detained and awaiting resolution of criminal charges in *State v. Whitt*, No. 66FCR-23-1170 (Sebastian Cnty. Cir. Ct.), where he is charged with domestic battery and terroristic threatening.

On March 31, 2025, Mr. Whitt was determined not fit to proceed on the charges and ordered held for another ten months.[3] So, Mr. Whitt is being held pursuant to a state court Commitment Order in connection with his pending state charges.

On May 19, 2025, Mr. Whitt filed the § 2241 habeas petition before the Court and on June 9, 2025 he filed an amended petition. *Docs 1, 4*. Mr. Whitt alleges "unlawful detention [at the Arkansas State Hospital] due to [an] unlawful fitness to

---

[1] District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

[2] The background is from the petition and state court records, available at the Arkansas Judiciary's Case Search accessible at https://caseinfonew.arcourts.gov/opad. See *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) (holding that a court "may take judicial notice of judicial opinions and public records.") (citations omitted).

[3] The Not Fit to Proceed Order suspended the pending state criminal case. *See* Ark. Code Ann. § 5-2-310(a)(1)(A) (Supp. 2017). The criminal case may resume if the state court determines that Mr. Whitt "has regained fitness to proceed." Alternatively, the pending charges may be dismissed if the state court determines, at some future point in time, that "so much time has elapsed since the alleged commission of the offense in question that it would be unjust to resume the criminal proceeding." Ark. Code Ann. § 5-2-310(c)(2).

proceed evaluation, due to [an] unlawful court order." *Doc. 4*. He asks for immediate release and money damages.[4] *Id.* at 10.

## III. Discussion

Federal courts generally must abstain from the exercise of § 2241 jurisdiction if, as in this case, the issues raised in a habeas petition may be resolved either by trial on the merits in the state court or by other available state-court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1982) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). Mr. Whitt's allegations fail to plausibly allege any "extraordinary circumstances" that might trigger an exception to the general rule that federal courts should abstain from interfering in state criminal proceedings.

An additional reason for dismissal is that Mr. Whitt has not exhausted his claims. Absent special circumstances and the petitioner's exhaustion of all available state remedies, a federal habeas court cannot interfere with state criminal proceedings before a conviction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). To fully exhaust state court remedies, a prisoner must fairly

---

[4] Money damages are not available in a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

present his federal constitutional claims to the highest available state court before seeking relief in federal court. See *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). This exhaustion requirement applies to habeas petitions challenging state court convictions as well as *pending* state criminal prosecutions. *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981).

Based on the state court records, Mr. Whitt has not been foreclosed from raising the issues presented in his habeas petition in his pending criminal case. In fact, on June 2, 2025, he filed a Motion to Object, Strike, and Vacate Unlawful Fitness to Proceed Report/Exam and Commitment Order, which remains pending as of the date of this Recommendation.

## IV. Conclusion

Because it plainly appears that Mr. Whitt is not entitled to federal habeas relief, summary dismissal is warranted.

IT IS THEREFORE RECOMMENDED that Mr. Whitt's habeas petition and amended petition (*Docs. 1, 4*) be DENIED, and this case be DISMISSED, without prejudice.

DATED 8 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE